Matter of Sogoloff v Sogoloff (2025 NY Slip Op 00069)

Matter of Sogoloff v Sogoloff

2025 NY Slip Op 00069

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Singh, J.P., Kapnick, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 150148/24 Appeal No. 3408 Case No. 2024-04512 

[*1]In the Matter of Helen Sogoloff, Petitioner-Appellant,
v
Nataly Sogoloff et al., Respondents-Respondents.

Law Offices of Bernard D'Orazio & Associates, P.C., New York (Steven G. Yudin of counsel), for appellant.
Marion & Allen, PC, New York (Roger K. Marion of counsel), for respondents.

Amended order, Supreme Court, New York County (Lyle E. Frank, J.), entered July 2, 2024, which sua sponte dismissed the petition on res judicata grounds, and bringing up for review an order, same court and Justice, entered April 15, 2024, which denied petitioner's petition and converted the proceeding into a plenary action, unanimously modified, on the law, to vacate the order dismissing the petition, convert this proceeding to a plenary action, deny petitioner summary relief on her claims for fraudulent conveyance pursuant to the former Debtor and Creditor Law and remand the case for further proceedings, and otherwise affirmed, without costs.
In 2013, petitioner Helen Sogoloff obtained a judgment of divorce against her former husband, respondent Dimitri Sogoloff, requiring, among other things, that the parties divide "equally in kind" their interest in a company known as Infohedge Technologies, which was held through another entity, DAS Capital, LLC. In 2018, Dimitri sold their marital interest in Infohedge without providing petitioner with her 50 percent share of the proceeds. In 2019, Dimitri and his new wife, respondent Nataly Sogoloff, purchased a cooperative apartment for $2,875,000, with DAS paying the downpayment of $287,500. In 2020, petitioner filed an enforcement proceeding against Dimitri in the divorce action to recover her share of the Infohedge proceeds, and judgment was entered against him in favor of petitioner in the principal amount of $688,213. In seeking to satisfy the judgment, petitioner filed an action for a lien against Dmitri's interest in the apartment, which was dismissed with prejudice. She then filed the instant petition, alleging that, in purchasing the apartment as joint owner with Nataly, Dimitri made a fraudulent transfer of a half-ownership interest to avoid satisfying the judgment against him in violation of the former Debtor and Creditor Law.
The petition at issue is not barred by res judicata based on the dismissed proceeding, which included respondents as parties. The earlier petition did not seek relief against respondent Nataly Sogoloff, but instead included her as a defendant solely because petitioner sought a lien against respondent Dimitri Sogoloff's interest in the apartment. Nataly was merely a nominal party (see Rojas v Romanoff, 186 AD3d 103, 110 [1st Dept 2020]), and, thus, for purposes of res judicata, there is no identity of parties between that proceeding and this one (see Paramount Pictures Corp. v Allianz Risk Transfer AG, 31 NY3d 64, 73 [2018]).
Moreover, even if Nataly was not a purely nominal party, the earlier proceeding only sought to place a lien on the shares associated with the apartment. In contrast, petitioner in this proceeding alleges that Dimitri, a debtor based on their 2013 divorce judgment, fraudulently conveyed his assets to Nataly by using his own money, and no money from Nataly, to purchase the cooperative apartment with Nataly as tenants by the entirety, without Nataly [*2]providing Dimitri with any consideration in exchange. Thus, treating the claims in the first proceeding as essentially the same as those in this one does not "conform[] to the parties' expectations or business understanding or usage" (Simmons v Trans Express Inc., 37 NY3d 107, 111 [2021] [internal quotation marks omitted]). Notably, although respondents raised res judicata as a defense in their answer to the instant petition, they did not make any substantive arguments to dismiss the proceeding on this ground before the motion court.
Respondents contend that Quontic Bank is a necessary party because a judgment would make it harder for respondents to pay off the loan and give them less incentive to do so, and the failure to include it requires dismissal of the proceeding. This argument is unavailing, as it would lead to the absurd conclusion that a plaintiff must include all of respondents' creditors, not just Quontic Bank, as necessary parties.
However, the petitioner did not establish the elements of her fraudulent conveyance claims under the former Debtor and Creditor Law as numerous issues of fact remain. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025